IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JUANA IVONNE GARCIA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL NO. 3:16-CV-00458-RFC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER | ) |
| OF SOCIAL SECURITY[1], | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is affirmed.

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# PROCEDURAL HISTORY

On April 10, 2013, Plaintiff filed her applications for DIB and SSI. (R:17, 124-125, 148-149)[2] The applications were denied initially and on reconsideration. (R:124-125, 148-149) Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on May 12, 2015, at which Plaintiff and a vocational expert ("VE") testified. (R:84-107) The ALJ issued his decision on June 1, 2015, denying benefits. (R:17-27) Plaintiff's request for review was denied by the Appeals Council on August 30, 2016. (R:1-9)

# ISSUES

Plaintiff presents the following issue for review:

1. Whether the ALJ erred in finding that Plaintiff's cervical spine impairment is not of listing level severity. (Doc. 19:2)

2. Whether the ALJ's RFC finding is supported by substantial evidence. (*Id.*)

# DISCUSSION

*A.  Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant

---

[2] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently

engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what she can still do despite her limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of VE(s) or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Anderson*, 887 F.2d at 632-33.

C.     *The ALJ's Hearing Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2013. (R:19)

4

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy, displacement of cervical disc without myelopathy, tinnitus, chronic cholecystitis, hypothyroidism, hypertension, gastritis, and obesity. (*Id.*)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:20) He determined that the medical evidence did not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under Listing 1.04, and further concluded that there was no evidence that Plaintiff's back disorder had resulted in an inability to ambulate effectively, as defined in 1.00(B)(2)(b). (*Id.*)

Before arriving at step four, the ALJ found that Plaintiff had the RFC to perform light work except that she was limited to no overhead work, would need to avoid concentrated exposure to loud noises, and would also need to avoid unprotected heights and dangerous machinery. (R:21)

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a cake decorator as generally performed. (R:26, 27) A determination of past work may be one of the work as it is actually performed or as generally performed in the national economy. *See Jones v. Bowen*, 829 F. 2d 524, 527 n. 2 (5th Cir. 1987). Hence, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since her alleged onset date of February 28, 2013, through the date of the ALJ's decision. (R:27)

D.  *Analysis*

   1.  **The ALJ's finding that Plaintiff did not meet or equal the requirements of Listing 1.04 of the Regulations is not the result of legal error and is supported by substantial evidence.**

Plaintiff claims that the ALJ failed to correctly evaluate whether Plaintiff's impairment(s) meet or equal Listing 1.04. (Doc. 19:3-6) In essence, she contends that the ALJ committed legal error by failing to discuss the evidence offered in support of Plaintiff's claim for disability and explain why he found Plaintiff not disabled, as required by *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). (*Id.*) Plaintiff also argues that the evidence in the record indicates that Plaintiff's impairment(s) did meet or equal all the criteria in Listing 1.04. (Doc. 19:4-6)

In *Audler*, the Fifth Circuit found the ALJ's summary conclusion—that the medical evidence indicated that Plaintiff's impairments, while severe, were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P—to be beyond meaningful judicial review because the ALJ offered nothing to support her conclusion at step three. *Audler*, 501 F.3d at 448. The Fifth Circuit, however, made clear than an exhaustive point-by-point discussion is not required. *Id*. Further, any error in providing a conclusion beyond judicial review is subject to harmless error analysis. *Id*. The Court found the error harmful in *Audler* because a diagnostic checklist indicated that Audler met the criteria of a listing and there was no medical evidence to contradict such findings. *Audler* at 449.

Unlike the ALJ in *Audler*, who did not identify the listed impairment for which Audler's symptoms failed to qualify, and failed to provide any explanation as to how she reached the conclusion

6

that Audler's symptoms were insufficient to meet any listed impairment, such was not the case here. Here, the ALJ not only identified Listing 1.04 but also noted the specific impairment(s) under consideration, i.e., degenerative disc disease of the cervical spine with radiculopathy and displacement of cervical disc without myelopathy; he also pointed out that the medical evidence was relatively weak. (R:19, 20) This refutes Plaintiff's contention that the ALJ failed to identify the Listing or impairments for which Plaintiff's symptoms failed to qualify. (Doc.19:4) The ALJ also discussed the evidence in his decision. (R:23-27) Finally, the ALJ noted that a state agency physician opined that Plaintiff could perform a reduced level of light work. (R:25) Though state agency physician opinions were not fully adopted, inasmuch as the ALJ eventually found different limitations based on the additional hearing level evidence, they nevertheless support the ALJ's finding that Plaintiff's impairment(s) did not meet or equal listing-level severity. The Court does not find the ALJ's conclusion to be beyond judicial review.

Of critical significance to his decision is the ALJ's finding that there was no evidence that Plaintiff's back/spinal disorder had resulted in an inability to ambulate effectively, as defined in 1.00(B)(2)(b). (R:20) The Court, having reviewed the entire record, comes up with the same conclusion. Rather than refer to any evidence which might contradict the ALJ's conclusion, Plaintiff remains silent on this issue. (Doc.19:1-8) Unfortunately for Plaintiff, she fails to meet her burden of proof at step three.

An individual can establish *per se* disability if she can show her impairments meet or equal any listing for an impairment contained in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1; *Sullivan v. Zelbley*, 493 U.S. 521, 532 (1990). This includes any relevant criteria in the

7

introduction for the listing for the relevant body system. 20 C.F.R. § 404.1525(c)(3). Regardless of the specific musculoskeletal system impairment, the claimant must demonstrate a loss of function as defined in the introduction to the listing as the inability to either ambulate or to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.00(B)(2); *see also Audler*, 501 F. 3d at 449. To ambulate effectively, one "must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2). An example of ineffective ambulation includes an inability to walk a block at a reasonable pace on rough or uneven surfaces. *Id.*

As the ALJ determined, and as the record shows, Plaintiff failed to produce evidence to meet the relevant criteria in the introduction for Listing 1.04 that relate to ambulation. Moreover, the record is replete with reliable evidence demonstrating that Plaintiff could in fact ambulate as contemplated by 1.00(B)(2). On April 25, 2013, Plaintiff indicated she could do a "slow" walk for about 10-15 minutes. (R:300) On May 17, 2013, she advised consultative examiner Jose A. Barahona, M.D., that she could walk for 30 minutes. (R:395) Medical records from Dr. Dean Smith, M.D., dated February 13, 2013, indicate that Plaintiff ambulated with a normal gait. (R:424) Treatment records from treating physician, Dr. Sandra Rocha, also noted a normal gait. (R:660) Physical therapy progress report records, dated June 7, 2013, indicate that Plaintiff was independent with ambulation. (R:473) Contrastingly, Plaintiff testified before the ALJ that she could only walk a block or maybe half of a block. (R:97) The ALJ concluded that Plaintiff's credibility was lacking. (R:26) On the basis of the abundant medical evidence, which contradicts Plaintiff's assertions, the Court finds that there is

substantial evidence in the record to support the ALJ's credibility determination and the conclusion that Plaintiff did not have an impairment that met or equaled an impairment at Listing 1.04 because Plaintiff's impairment does not interfere with effective ambulation.

Finally, Plaintiff argues that the record evidence indicates that Plaintiff's impairments meet the criteria in Listing 1.04A. (Doc. 19:4-6) The Court, however, reviews only whether there is substantial evidence to support the ALJ's determination that Plaintiff's impairment did not meet or equal a listing impairment. *See Greenspan*, 38 F.3d at 236.

Listing 1.04, entitled "Disorders of the spine", includes disorders such as spinal stenosis and degenerative disc disease. 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 1.04. To meet the listing, there must be (A) evidence of nerve root compression, or (B) spinal arachnoiditis, or (C) lumbar spinal stenosis. (*Id.*) The associated criteria of each subsection must also be satisfied. (*Id.*)

The ALJ did not precisely address the associated criteria for Listing 1.04 impairments under subsections (A) through (C), what records might support which criteria, or why he found each individual record failed to support such criteria. The ALJ's explanation, however, when read together with the rest of his decision, is clear: it was not necessary to address these associated criteria inasmuch as Plaintiff failed to meet the relevant criteria in the introduction for Listing 1.04. The ALJ's finding that no objective medical evidence in the record established an impairment as severe as described in Listing 1.04, in conjunction with the ALJ's credibility finding, provides substantial evidence in support of the ALJ's step three determination. Alternatively, even if the ALJ erred by not addressing how the medical evidence corresponded to the associated criteria, the Court finds this error to be harmless, because the record does not support the conclusion that Plaintiff's impairment meets or equals any of

the listed impairments. *See Audler*, 501 F.3d at 448. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected...The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). This Court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

      2.      **The ALJ's RFC finding is supported by substantial evidence.**

Substantial evidence abounds to support the ALJ's RFC determination in this case. This includes an opinion by state agency physician, Dr. Amita Hegde, who reviewed Plaintiff's medical history and concluded that Plaintiff was not disabled, was limited to a reduced level of light work, could perform her past relevant work as generally performed in the national economy, and that Plaintiff's self-described limitations were not fully supported by medical evidence. (R:111, 114, 119, 122)

The opinions given by consultative examiners in this case also support the ALJ's RFC determination. Medical records from February 13, 2013, indicate that Dr. Dean Smith observed that except for some slight weakness with dorsiflexion of the left wrist, Plaintiff's gross motor function was intact in both upper extremities. (R:424) Dr. Smith also noted that Plaintiff ambulated with a normal gait, that straight-leg raise testing was negative, and that there was no sign of any focal neurologic deficit. (*Id.*) On May 17, 2013, Dr. Jose A. Barahona observed that Plaintiff's strength was 4/5 in her upper extremities and 5/5 in her lower extremities. (R:397) He also reported that Plaintiff was able to half squat, and perform toe and heel lifts. (*Id.*) Plaintiff's argument that the ALJ failed to properly

accommodate her upper extremity limitations is not only refuted by the ALJ's determination that Plaintiff was limited to no overhead work but also by the medical evidence of record. This medical evidence further supports the ALJ's RFC determination.

Finally, the VE testified that Plaintiff could perform her past relevant work as that of a cake decorator. (R:104) Since this testimony was based on a properly-phrased hypothetical question, it constitutes substantial evidence in support of the ALJ's RFC determination. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 850 F.2d 1168, 1170 (5th Cir. 1986)). A review of the record demonstrates that the ALJ reasonably incorporated all the disabilities and limitations recognized by the ALJ and that Plaintiff had a fair opportunity to correct any deficiencies in the ALJ's question. The ALJ was not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris*, 864 F.2d at 336.

The Court is mindful of Plaintiff's emphasis of record evidence which weighs in favor of disability. The primary emphasis is on evidence from the treating physician in this case, Dr. Sandra Rocha, who opined that Plaintiff was unable to work, that she was unable to lift or carry more than five pounds, and that she was unable to stoop, bend, or climb. (R:659, 788, 790, 792, 798) The ALJ considered this evidence, and gave it little weight, inasmuch as it was inconsistent with the medical evidence as a whole and conflicted with Dr. Rocha's own records, which showed normal or mild functional limitations. (R:26) The Court reaches this same conclusion, and finds that the ALJ acted properly. *See Perez v. Barnhart*, 415 F.3d 457, 465-466 (5th Cir. 2005). Moreover, Dr. Rocha's

conclusion regarding Plaintiff's inability to work merits no special significance, inasmuch as it is but a legal conclusion which is ordinarily reserved to the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Therefore, the ALJ properly gave little weight to Dr. Rocha's RFC opinion.

Unfortunately for Plaintiff, the question here is not whether there is some or even substantial evidence supporting Plaintiff's disability claim, but whether there is substantial evidence, which may be less than a preponderance of the evidence, to support the Commissioner's determination. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). In reviewing Plaintiff's no-substantial-evidence claim, the Court has considered the record as a whole and has taken "into account whatever in the record fairly detracts from its weight." *See Singletary*, 798 F.2d at 823. The ALJ found that statements made by Plaintiff regarding the intensity, persistence and limiting effects of her impairments were not credible to the extent that they were inconsistent with the RFC arrived at by him. (R:23) It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *See Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983). To whatever degree the isolated evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls far short of that required to establish a no-substantial-evidence claim. Plaintiff's evidence fails to preponderate against the ALJ's determination, must less establish a "conspicuous absence of credible choices" or "no contrary medical evidence." *See Abshire*, 848 F.2d 640.

## CONCLUSION

The Court concludes that the ALJ's findings are not the result of legal error and are supported by substantial evidence. Plaintiff raises no other issues. The Commissioner's decision is, therefore, **AFFIRMED**.

**SIGNED and ENTERED on April 25, 2017.**

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**